David M. ANDREWS, Movant

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2005–SC–000510–KB.

Supreme Court of Kentucky.

Aug. 25, 2005.

John R. Leathers, Pittsburgh, PA, Counsel for Movant.

Bruce K. Davis, Executive Director, Linda A. Gosnell, Chief Bar Counsel, Kentucky Bar Association, Frankfort, KY, Counsel for Respondent.

## OPINION AND ORDER

Movant, David M. Andrews, of Lexington, Kentucky Bar Association (KBA) number 01436, moves this Court for an order suspending his license to practice law in the Commonwealth of Kentucky for sixty-one days, thirty days to serve and thirty-one days probated for two years during which time Movant agrees to accumulate eight hours of remedial ethics education. The KBA has requested that Andrews' motion under these terms be granted. There exist four KBA files regarding Andrews (no. 6546, no. 7719, no. 7949, and no. 10090). Andrews admits his violation of all charges.

■ In regard to KBA file no. 6546, Andrews had direct supervision at his firm of Angela Allen, who had been suspended from the practice of law in Kentucky because of non-payment of bar dues. Andrews did not ascertain this information at the time Allen's employment began on April 29, 1997. On November 19, 1997, the Inquiry Tribunal notified Andrews that Allen's license had been suspended. However, Andrews permitted Allen to continue to practice law until at least December 5, 1997, despite communication with the Inquiry Tribunal and the Office of Bar Counsel. On December 3, 1997 Andrews wrote a letter to the Office of Bar Counsel relaying his understanding that Allen had been reinstated and that the reinstatement was retroactive to May 2, 1996. Following receipt of the letter on December 5, 1997, the Office of Bar Counsel immediately contacted Andrews by telephone and advised him that Allen had not been reinstated and that she was still not permitted to practice law in Kentucky. This conversation was confirmed by letter on December 8, 1997. However, Andrews still took no steps to curtail Allen's practice of law. In January of 1998, Andrews issued a check in the amount of $610.00 to the KBA for the restoration of Allen's membership in the association. The check was drawn from an escrow account in Andrews's firm in which Allen's funds had been commingled with client funds. Andrews admits that he violated, as charged by the Inquiry Tribunal, SCR 3.130–5.1, SCR 3.130–5.5(b), SCR 3.470, and SCR 3.130–1.15(a).

■ In regard to KBA file no. 7719, Andrews knowingly failed to disclose information in response to discovery requests and related inquiries from opposing counsel in the case of *Lewis v. Wiseman Homes,* civil action no. 94–CI–1995, Fayette Circuit Court. Andrews admits that he violated, as charged by the Inquiry Tribunal, SCR 3.130–3.3, SCR 3.130–3.4, and SCR 3.130–8.3(c).

■ In regard to KBA file no. 7947, Andrews sent a letter to the KBA Office of Bar Counsel, dated April 15, 1998, regarding KBA file no. 6547. The letter contained false statements regarding matters that were the subject of a pending disciplinary case and enclosed falsified evidence in support of the statements contained in the letter. Andrews admits that he violated, as charged by the Inquiry Tribunal, SCR 3.130–3.3(a), SCR 130–8.1(a), and 3.130–8.3(c).

■ In regard to KBA file no. 10090, Andrews served as counsel for United Companies Financial Corporation in a real estate transaction in 1991. The property involved was being transferred to Janice Crouch from her mother for the purpose of securing a loan. The property was to be reconveyed after the loan was satisfied. Andrews prepared a quitclaim deed from Janice Crouch back to her mother to be filed upon satisfaction of the mortgage. Andrews retained the original deed. In August of 2001, the mortgage was satisfied and a request was made to Andrews to have the quitclaim deed recorded. However, Andrews had lost the deed. Andrews took no action to resolve the matter by either preparing a new quitclaim deed or pursuing an action to quiet title to the property. Andrews admits that he violat-

ed, as charged by the Inquiry Tribunal, SCR 3.130–1.15(a), SCR 3.130–4.4, and SCR 3.130–1.3.

Upon the foregoing charges and facts, it is ordered that Movant's Motion for suspension be granted. Therefore, it is ORDERED that:

■ 1. Movant, David M. Andrews, is hereby suspended for sixty-one days, thirty days to serve and thirty-one days probated for two years during which time Movant will accumulate eight hours of remedial ethics education.

2. In accordance with SCR 3.450, Andrews is directed to pay all costs associated with these disciplinary proceedings in the amount of $27.27, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: August 25, 2005.

/s/ Joseph E. Lambert
CHIEF JUSTICE